**James Lavern HOWARD, Plaintiff,**

v.

**Philip J. HEFFRON, et al., Defendants.**

**No. G87–757 CA.**

United States District Court,
W.D. Michigan, S.D.

Feb. 5, 1988.

———

ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES

HUGH W. BRENNEMAN, Jr.,
United States Magistrate.

■ The issue before the court is whether discovery requests made to a defendant after a complaint is filed but before it is served, are enforceable. The court holds they are not enforceable.

Plaintiff has filed a motion to compel production of documents and answers to interrogatories from the defendants. He states in his motion that he served his interrogatories and his request for production of documents on or about September 12, 1987, and that the defendant was not served with the complaint until over a month later on October 20, 1987. Defendants oppose the motion to compel, correctly pointing out that under the applicable federal rules interrogatories and requests for production of documents by a plaintiff may only be submitted contemporaneously with or following service of the summons and complaint on a defending party. Rules 33 and 34, FRCP.

■ Moreover, prematurely filed discovery requests do not become enforceable after the complaint and summons have been served. Prior to service of the summons and complaint the court has no jurisdiction over a defendant. Consequently, the defendant has no obligation to hold onto unsolicited discovery requests in anticipation that these requests may become viable at some future date. Orderly procedure does not require such speculation by a defendant. On the contrary, a defendant is presumably free to discard such requests without penalty. Absent a demonstrated willingness by the defendants to be bound by premature discovery requests, these must remain invalid even after the summons and complaint have been served. *See Colston v. Procter & Gamble Mfg. Co.*, 12 Fed.R.Serv.2d 753 (E.D.Pa.1968).

The motion is denied and the discovery requests are stricken without prejudice.